IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3132-FL

| | |
|---|---|
| ANTHONY B. UTT, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| BETTY BROWN, ROBERT LEWIS, CARLTON JOYNER, SERGEANT SHAW, SERGEANT HEARTSELL, SERGEANT DORMAN, CORRECTIONAL OFFICER CADRETTE, and CORRECTIONAL OFFICER GRESSLE, | ) |
| Defendants. | ) |

The matter is before the court on plaintiff's motion to compel (DE 58). The issues raised have been fully briefed and are ripe for adjudication. For the foregoing reasons, the court grants in part and denies in part plaintiff's motion to compel.

**BACKGROUND**

For ease of reference, the background as set forth in this court's September 3, 2014, order is as follows:

> On June 22, 2012, plaintiff Anthony B. Utt ("Utt"), a state inmate acting *pro se,* sought to bring this civil rights action as a class action on behalf of himself, as well as plaintiffs Daniel Capshaw ("Capshaw") and Frankie L. Peach ("Peach"), pursuant to 42 U.S.C. § 1983. On December 21, 2012, the court entered an order denying Utt's motion for class certification and dismissed Capshaw and

Peach.[1]  The court also directed Utt to particularize his individual action.

Utt filed his amended pleading on January 31, 2013.  Utt, a practitioner of the Wicca faith, alleged that defendants North Carolina Department of Public Safety ("DPS") Director of Chaplaincy Services Betty Brown ("Brown"), DPS Secretary Robert Lewis ("Lewis"), Harnett Correctional Institution ("Harnett") Superintendent Carlton Joyner ("Joyner"), Sergeant Shaw ("Shaw"), Sergeant Hartshell ("Hartshell"), Sergeant Dorman ("Dorman"), correctional officer Cadrette ("Cadrette"), correctional officer Gressle ("Gressle"), as well as John and Jane Doe defendants violated his rights pursuant to the First Amendment to the United States Constitution[,] the Religious Land Use and Institutionalized Persons Act ("RLUIPA")[,and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution].  In particular, Utt alleged that defendants refused to allow him to use tarot cards to practice his religion, confiscated his religious property, and denied him the opportunity to participate in corporate worship services.  As relief, Utt sought declaratory and injunctive relief, as well as compensatory and punitive damages.  On May 31, 2013, the court allowed Utt to proceed with his action against defendants Lewis, Brown, Joyner, Shaw, Hartshell, Dorman, Cadrette, and Gressle, but dismissed Utt's action against the John and Jane Doe defendants.

On September 9, 2013, all remaining defendants filed a motion to dismiss, arguing that Utt failed to state a claim upon which relief may be granted.  Defendants' motion was fully briefed.

On September 3, 2014, the court entered an order denying defendants' motion to dismiss and reserving the issue of qualified immunity for another day.  The court then issued a case management order, which included a February 3, 2015, discovery deadline.

On December 23, 2014, plaintiff filed a motion for a court order compelling defendants to fully respond to his discovery requests.  The motion was fully briefed.

---

[1] The court has constructively amended the caption of this order to reflect dismissal of Capshaw and Peach.

## DISCUSSION

Plaintiff, in his motion to compel, seeks a court order directing defendants to produce the following: (1) "the religious practices reference manual in its entirety;" (2) "all documents governing, or related to the office of chaplain within the North Carolina Division of Adult Corrections (hereinafter NCDAC) and the performance of any duties assigned to said office;" (3) "all documents related to, and including, all grievances filed on or after January 1, 2005, that relate to religious services within the NCDAC;" (4) "all documents dated on or after January 1, 2005, regarding the Wiccan faith and Wiccan inmates within the NCDAC;" (5) "any and all documents related to prison chaplaincy services staff training and education within the NCDAC;" (6) "any and all documents used in establishing and justifying the current policy governing the practice of the Wiccan faith within the NCDAC;" (7) "a copy of each and every version of the policy governing the practice of the Wiccan faith, from the time of its inception, within the NCDAC, with their dates of effect clearly indicated;" (8) "the Religious Activities calendar for the month of September, 2014, for each housing unit then operated by the NCDAC;" (9) "any and all documents related to consultation with individuals outside the NCDAC regarding the Wiccan faith, specifying why such consultation occurred;" and (10) "any and all documents related to real or alleged problems any Wiccan inmates have experienced regarding religious prejudice and/or favoritism by NCDAC chaplains or others responsible for overseeing religious services." (Pl.'s Mem. pp. 6-11.) The court will address plaintiff's discovery requests in turn.

Federal Rule of Civil Procedure 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of

3

> persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). "[D]iscovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." Herbert v. Lando, 441 U.S. 153, 177 (1979). However, a litigant may not use discovery requests to annoy, embarrass, oppress, or cause an undue burden or expense to his opposing party. See Fed. R. Civ. P. 26(c)(1). Additionally, the court has "substantial discretion" to grant or deny motions to compel discovery. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

The court begins with plaintiff's request for "the religious practices reference manual in its entirety." (Pl.'s Mem. p. 5.) Defendants object to plaintiff's request for the religious practices manual on the grounds that it is not relevant to the issue of plaintiff's ability to freely exercise his religion. This material, however, is relevant to plaintiff's equal protection claim. Thus, plaintiff's motion to compel is GRANTED as to this discovery request.

The court now turns to plaintiff's request for "all documents governing, or related to the office of chaplain within the North Carolina Division of Adult Corrections [] and the performance of any duties assigned to said office;" "all documents related to, and including, all grievances filed on or after January 1, 2005, that relate to religious services within the NCDAC;" "any and all documents used in establishing and justifying the current policy governing the practice of the Wiccan faith within the NCDAC;" "all documents dated on or after January 1, 2005, regarding the Wiccan faith and Wiccan inmates within the NCDAC;" "a copy of each and every version of the policy governing the practice of the Wiccan faith, from the time of its inception, within the NCDAC,

4

with their dates of effect clearly indicated;" "the Religious Activities calendar for the month of September, 2014, for each housing unit then operated by the NCDAC;" and "any and all documents related to real or alleged problems any Wiccan inmates have experienced regarding religious prejudice and/or favoritism by NCDAC chaplains or others responsible for overseeing religious services." (Id. pp. 5-11.) In opposition, defendants assert that these discovery requests are vague and overly broad. The court agrees with defendants. Plaintiff has not articulated any need warranting the broad and potentially burdensome discovery. Thus, the court denies plaintiff's motion to compel as to these discovery requests.

The court now turns to plaintiff's requests for "any and all documents related to prison chaplaincy services staff training and education within the NCDAC;" and "any and all documents related to consultation with individuals outside the NCDAC regarding the Wiccan faith, specifying why such consultation occurred." (Pl.'s Mem. pp. 5-11.) The court finds that the requested materials are relevant to plaintiff's equal protection claim. The material additionally could be relevant to plaintiff's supervisor liability claim. See Spell v. McDaniel, 591 F. Supp. 1090, 1115 (E.D.N.C. 1984). Thus, plaintiff's motion to compel is GRANTED as to the foregoing material.

Finally, the court addresses plaintiff's motion to compel defendants to respond to his requests for admissions and interrogatories. The record reflects that defendants responded to plaintiff's requests for admissions and interrogatories. Although evasive or incomplete answers or responses are to be treated as a failure to answer or respond pursuant to Federal Rule of Civil Procedure 37(a)(4), there is no indication from the record that defendants' responses to plaintiff's request for admissions or interrogatories were in any way deficient. Thus, the court DENIES plaintiff's motion to compel as to these discovery requests.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel (DE 58) is GRANTED IN PART AND DENIED IN PART as set forth above. Defendants must respond to plaintiff's discovery requests as set forth above within 14 days of this order. The discovery deadline is extended until 14 days after this court's order to accommodate defendants' discovery responses.

SO ORDERED, this the 4th day of February, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge