IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3132-FL

| | |
|---|---|
| ANTHONY B. UTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| BETTY BROWN, ROBERT LEWIS, CARLTON JOYNER, SERGEANT SHAW, SERGEANT HEARTSELL, SERGEANT DORMAN, CORRECTIONAL OFFICER CADRETTE, and CORRECTIONAL OFFICER GRESSLE, | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

The matter is before the court on plaintiff's motion for a temporary restraining order or for a preliminary injunction (DE 63). The issues raised have been fully briefed and are ripe for adjudication. For the foregoing reasons, the court denies plaintiff's motion.

The court construes plaintiff's motion for injunctive relief as a request for a temporary restraining order.[1] See Watson v. Garman, No. 7:12-cv-00037, 2012 WL 664066, at *1 (W.D. Va. Feb. 29, 2012) (construing motion for a preliminary injunction as one for a temporary restraining order where the defendants have not yet been served). Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and

---

[1] The court notes that a temporary restraining order is governed by the same general standards as the issuance of a preliminary injunction. See Hoechst Diafoil v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999).

irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Plaintiff, however, has failed to demonstrated that he likely is to succeed on the merits, and has not alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. To the extent plaintiff, in his motion, contends that he lacks access to his legal property, papers for copies, or exhibits in support of this case, the record belies plaintiff's contentions. For instance, the record reflects that plaintiff may "sign in and out" his legal property, may use carbon paper for making copies, may have 10 pages of paper per day, and may mail his alleged exhibits home. ((DE 63), pp. 2; (DE 63-1), p. 2; (DE 63-3), p. 9; (DE 63-4), p. 3.) Further, the public interest is best served if courts do not get involved with the daily operations of a prison, especially prior to the finding of a constitutional violation. See Florence v. Board of Chosen Freeholders of County of Burlington, __U.S.__, 132 S. Ct. 1510, 1517 (2012) (indicating that "correctional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities" and that "in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations courts should ordinarily defer to their expert judgment in such matters") (quotation marks and citation omitted); Cash v. Thomas, No. 6:12-1278-DNC-KFM, 2013 WL 1826619, at *2 (D.S.C. Apr. 8,

2

2013).  Finally, to the extent plaintiff requests a transfer, prison officials have the discretion to determine where to place and assign inmates.  See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).

Based upon the foregoing, plaintiff has not demonstrated that his request for a temporary restraining order is in the public interest, and the balance of equities is in favor of defendants.  Thus, the court concludes that plaintiff's motion for a temporary restraining order (DE 63) is DENIED.

SO ORDERED, this the 19th day of March, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge